No. 638. CRUMLEY *v.* TENNESSEE. Sup. Ct. Tenn. Certiorari denied. *Norman D. Lane* for petitioner. *Thomas E. Fox,* Deputy Attorney General of Tennessee, and *C. Hayes Cooney,* Assistant Attorney General, for respondent.

No. 166. SIGLER, WARDEN *v.* LOSIEAU. C. A. 8th Cir. Motion of respondent for leave to proceed *in forma pauperis* granted. Certiorari denied. *Clarence A. H. Meyer,* Attorney General of Nebraska, and *Melvin Kent Kammerlohr,* Assistant Attorney General, for petitioner.

MR. CHIEF JUSTICE BURGER, with whom MR. JUSTICE STEWART joins, dissenting.

I would grant certiorari and summarily reverse. The United States Court of Appeals for the Eighth Circuit has erroneously interpreted the decision of this Court in *Burgett* v. *Texas,* 389 U. S. 109 (1967), and also has effectively overruled the Nebraska Supreme Court on a question of state law—the interpretation of Nebraska's Habitual Criminal Act.

Losieau was convicted of burglary in 1952. Under Nebraska practice, after the jury had made the guilty finding, the trial court held a hearing outside the jury's presence to determine whether or not the penalty for burglary should be enhanced under the Nebraska Habitual Criminal Act, Neb. Rev. Stat. § 29–2221 (1964 Reissue). A 1945 conviction for stealing a car was one of the prior convictions alleged, and the trial court found it and another conviction to be valid for enhancement purposes. Losieau was given a 20-year sentence. He then brought unsuccessful state post-conviction actions, contending that the 1952 sentence was invalid because he was denied counsel (1) when he pleaded guilty to the 1945 charge and (2) when he was thereafter sentenced to a prison term of three years for the